UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )　　No. 2:14-CR-016 |
| | ) |
| WILLIE T. JOHNSON | ) |

## MEMORANDUM AND ORDER

The defendant pled guilty to a controlled substance offense and a firearm offense. He will be sentenced on November 4, 2014. The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 24]. The defendant objects to the PSR's recommendation that the court impose one special condition of supervised release pertaining to sex offenders. That condition provides, "The defendant shall submit to a psychosexual assessment at his/her own expense, as directed by the probation officer." *See* E.D. Tenn. L.R. 83.10(b)(7). For the reasons that follow, the defendant's objections will be overruled and the disputed condition will be imposed, although in a slightly modified form.

I.

*Background and Criminal History*

In the present case, the defendant admittedly carried a concealed and loaded semi-automatic pistol in furtherance of a drug trafficking offense. [Doc. 17]. He committed those offenses in October 2013. *Id.*

In January 2007, the defendant pled guilty in the Horry County, SC, Family Court to the reduced charge of assault and battery of a high and aggravated nature. The defendant was either 13 or 14 years old when he committed that offense. He was initially charged with criminal sexual conduct with a five-year-old child. The PSR describes the offense in greater detail, and the defendant objects to that description. The facts cited by the court immediately above, however, are taken from the Horry County Family Court's Petition and January 16, 2007 Order. While the particulars of the offense conduct may be in dispute, the undersigned has reviewed the Family Court documents and is satisfied that the underlying conduct in that case was of an aggressive and sexual nature.

The remaining pertinent background information discussed below is taken from the PSR and has not been objected to by the defense. As such, these details are conclusively accepted by the court as findings of fact. *See* Fed. R. Crim. P. 32(i)(3)(A).

In September 2010, the defendant was convicted of offenses including evading arrest. [Doc. 24, ¶ 35]. A probation violation warrant was subsequently issued in that case due in part to the defendant's failure to report to his probation officer. *Id.* Also in September 2010, the defendant was separately convicted of failure to appear. [Doc. 24, ¶ 37].

In August 2012, the defendant was convicted of offenses including evading arrest and tampering with evidence. [Doc. 24, ¶ 36]. The defendant fled on foot from a traffic stop and hid a semi-automatic handgun from the arresting officer. *Id.* In March 2013, a probation violation warrant was issued in that case due to the defendant's

2

noncompliance with numerous conditions of supervision, including his failure to report to his probation officer in the preceding three months. *Id.*

II.

*Analysis*

As noted, the PSR recommends imposition of one of the twelve sex-offender special conditions of supervision adopted by this court's Local Rule 83.10(b). The condition at issue provides, "The defendant shall submit to a psychosexual assessment at his/her own expense, as directed by the probation officer." *See* E.D. Tenn. L.R. 83.10(b)(7). The defendant objects to this requirement because "the conviction in this case is not related in any way to a sex crime . . . ."

The defendant also objects to the PSR's reference to the Adam Walsh Child Protection and Safety Act of 2006 and the PSR's listing of all twelve of the Local Rule 83.10(b) special conditions. The PSR's brief mention of the Adam Walsh Child Protection and Safety Act of 2006 is merely introductory language found in all PSRs in this district if sex-offender conditions are at issue. Similarly, the PSR's listing of all of the 83.10(b) conditions is merely background information. Neither of these matters will impact the defendant's sentencing, nor should they affect classification within the Bureau of Prisons. As such, these specific issues need not be further addressed.

As to the defendant's ultimate argument that Local Rule 83.10(b)(7) should not be applied to him because "the conviction in this case is not related in any way to a sex crime,"

> A sentencing court may impose a non-mandatory condition of supervised release only if it meets three requirements. <u>First</u>, the condition must be "reasonably related to" several sentencing factors. These factors are "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner." <u>Second</u>, the condition must "involve[] no greater deprivation of liberty than is reasonably necessary for" several sentencing purposes. These purposes are "to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner." <u>Third</u>, the condition must be "consistent with any pertinent policy statements issued by the Sentencing Commission." Because they are written in the conjunctive, a condition must satisfy all three requirements. However, a condition need not satisfy every single factor and purpose within each of the first two requirements.

*United States v. Carter*, 463 F.3d 526, 529 (6th Cir. 2006) (citations and footnotes omitted) (emphasis added).

In *Carter*, the defendant pled guilty in 2001 to being a felon in possession of a firearm. In 2005, the district court added a supervised release condition pertaining to sex offenders (participation in "a sexual offender treatment program and evaluation"). *See id.* at 528. Carter's criminal history included 1988 convictions for rape and assault with intent to commit rape, along with a 2004 stalking conviction. The Sixth Circuit concluded that the 1988 convictions were too remote in time to justify the 2005 imposition of the sex-offender-treatment condition. *See id.* at 532. Carter's case was remanded for the district court to determine whether the 2004 stalking offense was sufficiently sexual to justify imposition of the special condition. *Id.* at 533.

4

*Carter* did not, however, "decide precisely how much time must elapse before a sex offense becomes too remote in time to be reasonably related to a sex-offender condition . . . ." *Id.* at 532. Subsequently, the Sixth Circuit has affirmed the imposition of sex-offender conditions based on multiple sex offenses occurring as recently as 12 years prior. *See United States v. Brogdon*, 503 F.3d 555, 565 (6th Cir. 2007). Also, in the 2006 case of *United States v. Perkins*, 207 F. App'x 559, the Sixth Circuit upheld a sex-offender-treatment condition in light of a 1995 aggravated assault conviction (pled down from aggravated rape), a 1994 assault conviction, older assault *charges*, and violent conduct toward a woman in his federal case. *See id.* at 562.

While the present defendant is indeed correct that his present crimes are not sex offenses, *see Carter*, 463 F.3d at 530, the nature and circumstances of the instant case is not the only factor to be considered at the first step of the *Carter* test. Special conditions may also be "reasonably related to" the defendant's history and characteristics, the need to deter the defendant from future crime, the need to protect the public, and the need to provide medical or other correctional treatment in the best manner. *Id.* at 529.

The court finds that a special condition of supervision requiring a psychosexual assessment is "reasonably related to" the history and characteristics of this defendant. Approximately ten years ago, the defendant committed assault and battery of a sexual nature upon a very young child. His sex offense is not nearly as remote as those in *Carter*. In the years since the Horry County offense, there have been multiple firearm possessions which show that the defendant's aggressive conduct continues. There have also been multiple convictions for evasion and multiple instances of noncompliance with

5

conditions of probation, cumulatively indicating that a heightened degree of supervision will be needed in this case. For these reasons, the court finds that a special condition requiring psychosexual assessment would be reasonably related to the additional sentencing factors of: the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; and the need to provide the defendant with needed medical care or other correctional treatment in the most effective manner.

As for *Carter*'s second prong, the court finds that the sex-offender condition at issue would involve no greater deprivation of liberty than is reasonably necessary for the sentencing purposes of adequate deterrence, protection of the public, and effective provision of medical care or other correctional treatment. Imposition of the contemplated degree of supervision is not greater than reasonably necessary in light of the defendant's sex-offense history and his ongoing disregard for the law as illustrated by his numerous probation violations and his continued criminal conduct. It is also worth noting that only one of the twelve 83.10(b) conditions will be imposed in this case and, as will be explained below, the court will impose that condition in a less burdensome way.

As for *Carter*'s final prong, the court finds that imposition of a sex-offender condition in this case would be consistent with pertinent policy statements issued by the Sentencing Commission. Guideline 5D1.3(d) is a policy statement of the Sentencing Commission. *See* U.S. Sentencing Guidelines Manual § 5D1.3(d). That policy statement provides that sex-offender conditions are not only recommended "[i]f the instant offense of conviction is a sex offense" but also, "in addition, may otherwise be

6

appropriate in particular cases." *Id.* Having considered the relevant history and characteristics of the defendant, the court finds psychosexual assessment to be appropriate and necessary in this case.

However, in light of the age and juvenile status of the defendant's Horry County conviction, the court will impose Local Rule 83.10(b)(7) in a slightly modified form. That adjusted version, which has been used by judges of this district in several cases, provides, "The defendant shall submit to a psychosexual assessment at his own expense, as directed by the probation officer, *with the exception of plethsymography testing*. LR 83.10(b)(7)."

### III.

*Conclusion*

For the reasons provided herein, the defendant's objections to his PSR are **OVERRULED**. This court's Local Rule 83.10(b)(7) special condition of supervision will be imposed in this case as modified immediately above. Sentencing remains set for November 4, 2014, at 1:15 p.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge